Good morning ladies and gentlemen. Our first case is Roundtree against Caraway. Ms. McNally. May it please the court. Good morning your honors. My name is Laura McNally and I represent Lorenzo Roundtree in this appeal from his dismissal of his section 2241 habeas case in the Southern District of Indiana. In 2007, Mr. Roundtree was convicted of distributing approximately one-half gram of heroin, which resulted in the death of an individual who was several handlers down the chain from the original sale. Because of that death, he was sentenced to mandatory life in prison for a half a gram of heroin. And without question, that resulting in death component of his conviction is the main driver, the entire driver, of why he is spending the rest of his life in prison for half a gram of heroin. There's also no question that that element of his conviction, the key element for the rest of his life, was improperly instructed to the jury. Instruction number 12 stated the government must prove the heroin distributed contributed to CH's death. In other words, and I'm still quoting, the heroin was distributed by the defendant was a factor that resulted in the death. And the jury was also instructed that the defendant, that the sale need not be the primary cause of the death, but it must have at least played a part. That was in 2007. We know now, thanks to a case in 2014 by the United States Supreme Court, that that is an incorrect, that was an incorrect instruction, was that this element of the crime, of death resulting, this element required proof of but-for causation, not mere contributory causation. And in fact, Burrage examined an instruction very close, if not identical, to this instruction given in Mr. Rountree's case, arising out of the same district in Iowa. And that mattered here. In the underlying case, the victim, Mr. CH, his toxicology report showed he had alcohol in his system, as well as morphine, which the toxicologist said was evidence. Our time is short. You might want to get to the controlling legal question, which is how your client can get another litigation on a point that has been fully litigated already, in another circuit. Well, I knew you'd eventually want to get to that. I will turn to the procedural hurdles he is acknowledging they are substantial. This court asked for a briefing on whether pre-vet versus Kruger applies, and we acknowledge that it does. It is directly on point, a recent case, out of this circuit. That case held that for a 2241 to be an available vehicle, the petitioner has to show certain things. The first two are easily met here. Burrage was a case involving statutory interpretation, a new rule of statutory interpretation, and it was retroactive on collateral review. So far, so good. The next element, however, is difficult for us, I would say, I will acknowledge, and that is that the issue that we're trying to raise in 2241 could not have been raised in the prior proceeding, and we acknowledge that not only could it have been, it actually was. Counsel, I don't think you're getting the burden of my question. Okay, thank you. The question whether there was a forfeiture, whether this issue has been preserved for further review, was fully litigated and decided in the Sixth Circuit. The question I'm asking is, apart from all other matters, why isn't the law of the case the end of this? The Supreme Court has said that one court of appeals should not disagree with another on an issue that has been fully litigated and decided, and that question has been fully litigated and decided. So, isn't that the end of things? I recognize, Your Honor, law of the case, our response is, and has to be, that the Eighth Circuit did not fully and fairly evaluate, did not, and I recognize by your expression that you're not buying what I'm saying here, but that has to be our position. I'm not even agreeing with you about which circuit it is, but anyway. Did I say the Eighth Circuit? Go ahead. Okay, that the Eighth Circuit, in evaluating this case, did not evaluate all of the elements, including the causation question. But that's just an argument that you think they decided something incorrectly. The whole point of law of the case is that you don't go back from scratch and decide whether something was decided incorrectly. Right, I understand, Your Honor. I think, I have a question whether law of the case could apply. This Circuit once did that, and we were reversed nine to nothing for our troubles in Colt Industries Operating Corporation. Are we gluttons for punishment? I would hope not, Your Honor. I would think that if there's a preclusion argument, that law of the case is... It's not a preclusion argument. It's a law of the case argument. Right, and our position would be that this is a separate case, and that the standards of issue and claim preclusion should apply as opposed to law of the case. If you believe law of the case is an insurmountable obstacle, then it is an insurmountable obstacle. We believe that given the intense, the incredibly high consequences of this conviction on a case, that we have the opportunity here to raise issues that the Council and the Eighth Circuit did not raise in the standards brief, that the Eighth Circuit did not consider, and that could be outcome determinative on this question. Didn't you... There's only... I mean, there's really only a couple of issues, right? Whether the Eighth Circuit considered the legal point about but-for causation under Burrage, and then whether the Eighth Circuit considered the factual point, the evidentiary point about on causation. And just... I got the Eighth Circuit's opinion right in front of me. It looks like they did both. Yes, in our view, they incorrectly analyzed the factual basis. What happened was, they were... The Defense Council was operating under a different standard, and developed the defense under a different standard. So now, looking at the facts of that case as developed by Defense Council in light of one standard, we believe it's... The Eighth Circuit misunderstands that there are additional arguments that would have been made that were only relevant if the correct standard had applied. And because the correct standard was not applied, if Defense Council had been making those arguments, the government could very properly have said, those are all straw man arguments. We don't need to show but-for causation. All we need to show is contributory cause. So Defense Council had no incentive, and actually had a negative incentive against presenting the kinds of evidence he would present to show a break in but-for causation. And what we point to, most importantly, is that a third party injected the heroin into the body of the decedent. And essentially, that was, in essence, a murder weapon. And because that third party took that action, we would argue, if we were able to present this case anew under the correct standard, that that would break the ability to say but-for causation. Because baked in, as the court noted in Burrage, is always a proximate causation requirement. And if there are no questions, I would like to reserve my time. Thank you. Certainly, counsel. Mr. Reitz. May it please the court, Brian Reitz for Mr. Carraway. As the court has noted, the Eighth Circuit has already decided and fully litigated the controlling question. While I know there's been some inter and intra circuit debate about what the saving clause means, I think everyone agrees that a litigate can't bounce from circuit to circuit until they get the most beneficial decision for them, which is what Mr. Roundtree is doing. So, if there are no further questions, the government happy to rest on its brief. I have one question for you. You argue in your brief that 2244B, by its terms, precludes the request for relief under 2255. How can that be the case? 2244B makes no reference to 2255. It refers only to relief sought under 2254. This court, as pointed in our brief, says that... This court has said that the references to 2254 and the statutes also apply to 2255 because they treated state post conviction or habeas and federal post conviction. Where did we say that about 2244B? I think... There are some parts that refer to 2255 because 2255 points directly to them. But why is that true about the section you pointed to? We think that the court's understanding and the best understanding is that all the limitations... You say this circuit has decided it, so I'm asking you where we decided that. Well, I thought the court had in the case that I cited. If not, then we'll take a step back on that, but... Okay. Well, nothing, in the end, turns on that. Right. I think no matter that or whether that's correct or incorrect, Mr. Roundtree can't go from circuit to circuit to get the most beneficial decision until he wins one. So with that, the government rests on its briefing. Thanks. Thank you. Ms. McNally, anything further? Not much to respond to. Not much, but I'll give it a shot. I'd like to address the bouncing from circuit to circuit theory. The pre-vet test is designed to address the question of when a 2241 case can examine a case that has gone through the 2255 process. That is not bouncing from circuit to circuit. That is going through gates, and if you meet the gates or address the gates, then you can get your case re evaluated under the 2241, which will often be a different circuit because it's this district of incarceration rather than the district of conviction. We understand that we have challenges on getting through all the pre-vet gates, but pre-vet by its existence shows that it is possible to have a 2255 and then be re-litigated in 2241 if the 2241 court is satisfied that there was a problem in the 2255 process's ability to address the issues. With no further questions, we ask that the court below be reversed. Thank you. Thank you very much. And Ms. McNally, we appreciate your willingness to accept the appointment in this case and your assistance to the court as well as your clients. The case is taken under advisement. United States against Farrington.